IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES CALVIN BROWN                                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:07-cv-962-LG-JMR

HARRISON COUNTY SHERIFF'S DEPARTMENT, et al.                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff is an inmate of the Harrison County Adult Detention Center in Gulfport, Mississippi. On July 25, 2007, he filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On August 17, 2007, this Court entered an order [7] directing the Plaintiff to file a written response on or before September 4, 2007. The envelope [8] containing the order was returned by the postal service with the following notation: "R.T.S. Refused Inmate Released to MDOC" and was filed in the instant civil action on August 27, 2007.

Out of an abundance of caution, an order [9] was entered on November 6, 2007, directing the Plaintiff to show cause on or before November 21, 2007, why this civil action should not be dismissed for failure to comply with the order [7] of August 17, 2007. Once again, the envelope [10] containing the order of November 6, 2007, was returned by the postal service with a notation that the "inmate [was] no longer here!"

Plaintiff was warned on more than one occasion that his failure to keep this Court informed of his current address or his failure to timely comply with a court order may result in the dismissal of this case. Nevertheless, he has failed to comply with two orders of this Court and he has failed to provide this Court with a current address. Therefore, it is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing his claims.

This Court has the authority to dismiss an action *sua sponte* for the Plaintiff's failure to

prosecute under FED.R.CIV.P.41(b), as well as the Court's inherent authority.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Link, supra*, 370 U.S. at 630.

The Plaintiff has not complied with two court orders, nor has he contacted this Court since August 14, 2007, when he requested the status of his case. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v.  Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED,  that for the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 3rd day of January, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE